UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **INDIA JONES,**<br>     Plaintiff, | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| v. | ) Case No.<br>) |
| **DIVERSIFIED ADJUSTMENT SERVICE, INC.,**<br>     Defendant. | )<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, India Jones, an individual consumer against Defendant, Diversified Adjustment Service, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C 1331. Venue in this District is proper in that the Defendant transacts business in Prichard, Mobile County, Alabama, and the conduct complained of occurred in Prichard, Mobile County, Alabama.

### III.   PARTIES

3. India Jones (hereinafter "Plaintiff") is a natural person residing in Prichard, Mobile County, Alabama. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 a(3).

4. Upon information and belief, Diversified Adjustment Service, Inc., (hereinafter "Defendant"), is a Minnesota corporation with its principal place of business located at 600 Coon Rapids Blvd NW, Coon Rapids, MN 55433.

5. Defendant is a debt collection firm that engages in the business of debt collection. Its principal business purpose is the collection of defaulted debts, and it uses various instruments of interstate commerce to accomplish debt collection including sending letters, phone calls, credit reporting, filing of lawsuits, etc.

### IV.   FACTS OF THE COMPLAINT

6. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 U.S.C §1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

    (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. [Emphasis added.]

7. According to 15 U.S. Code § 1692e(8) debt collectors are prohibited from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

8. Diversified Adjustment Service, Inc., (hereinafter "Defendant"), is a "debt collector" as defined by the FDCPA, 15 U.S.C §1692 a(6).

9. The primary and principal business of the Defendant is to collect alleged defaulted debts.

10. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. On or about January 16, 2025, Plaintiff reviewed her credit report on "Credit Karma."

12. On said report, Plaintiff observed a trade line from Defendant, which revealed that Defendant furnished a trade line of $995, allegedly owed to T-Mobile.

13. Additionally, that same day Plaintiff mailed a letter to the Defendant certified via USPS, which stated, "Do not contact me about this debt anymore. I have zero interest in paying this debt."

14. According to USPS website the letter was received by Defendant on January 21, 2025, tracking # 9921489014298041232188 6.

15. On or about January 31, 2025, Plaintiff reviewed her credit report again and discovered that the Defendant provided false information to the credit reporting agencies by reporting to the agencies that the alleged debt was disputed by Plaintiff and published the false dispute remarks.

16. Plaintiff's letter to Defendant constituted solely a refusal to pay and a request to cease communication; at no point did the letter indicate that the Plaintiff was disputing the account or balance.

17. The Defendant's actions of publishing such inaccurate and incomplete information have severely damaged the personal and credit reputation of Plaintiff and caused severe humiliation, emotional distress, defamation, and mental anguish.

## V.   FIRST CLAIM FOR RELIEF
**(Defendant, Diversified Adjustment Service, Inc.)**
**15 U.S.C. §1692e(8)**

18. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

19. The Defendant violated the FDCPA.

20. The Defendant violations include, but are not limited to, the following:

    The Defendant violated 15 U.S.C § 1692 e(8) of the FDCPA by disclosing and reporting false information to the consumer reporting agencies that the alleged debt was being disputed by Plaintiff.

21. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, and cost.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for all damages allowable, costs, expenses,

attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

**Respectfully submitted this the 3rd day of March 2025.**

**/s/ Noelle Sillmon**
**NOELLE SILLMON**
**Counsel for the Plaintiff**
**Alabama Bar No.: 4074Y61Q**
**Legally Noelle Services, LLC.**
**P.O. Box 242141**
**Montgomery, AL 36124**
**(334) 513-1710**
**legally.noelle@gmail.com**
